IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OCIMUM BIOSOLUTIONS (INDIA) LIMITED and Don A. Beskrone, Chapter 7 Trustee of OCIMUM BIOSOLUTIONS INC., <br><br>             Plaintiffs, <br><br>       v. <br><br> LG CHEMICAL LTD., ABION, INC. and GENCURIX, INC., <br><br>             Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    C.A. No. 19-2227 (MN) |

## MEMORANDUM ORDER

At Wilmington, this 11th day of June 2021:

Pending before the Court is the motion of Plaintiff, Ocimum Biosolutions (India) Limited ("Ocimum"), to allow alternate service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. (D.I. 57). For the reasons stated below, Ocimum's motion is GRANTED.

On December 5, 2019, Ocimum filed a Complaint against Defendants LG Corp, LG Chemical Ltd. ("LGC"), LG Life Sciences Ltd., and LG Chem Life Sciences Innovation Center, Inc. alleging breach of contract and trade secret misappropriation. (D.I. 2). In its original complaint, Ocimum alleged on information and belief that Defendants "improperly disclosed Ocimum's proprietary information to . . . Abion, Inc. ["Abion"] [and] Gencurix, Inc. ["Gencurix"]." (*Id.* ¶ 74). Thereafter, on February 7, 2020, Ocimum sued Abion and Gencurix for, *inter alia*, misappropriation of trade secrets. *Ocimum Biosolutions (India) Limited v. Abion, Inc.*, C.A. No. 20-cv-188-CFC (D. Del. filed Feb. 7. 2020).

Ocimum allegedly learned on June 2, 2020 that Abion and Gencurix obtained access to Ocimum's trade secrets through LGC. (D.I. 57 at 2). On August 17, 2020, Ocimum voluntarily

dismissed C.A. No. 20-cv-188-CFC and moved to join Abion and Gencurix in this case. That motion was denied without prejudice and Ocimum filed an amended complaint on March 23, 2021 naming Abion and Gencurix as defendants. (D.I. 48). That same day, Ocimum's counsel contacted counsel for Abion and Gencurix asking that Albion and Gencurix agree to waive service and accept service on their counsel via e-mail (as they had done in C.A. No. 20-cv-188-CFC). (D.I. 57, Ex. 3 at 4). Counsel for Abion and Gencurix, Joel R. Samuels at Harness Dickey & Pierce, responded:

> Yes, we still represent Gencurix and Abion. Since we are not authorized to accept service, you will need to serve them via the Hague.

(*Id.* at 2). Ocimum now moves to effectuate service on these defendants via e-mail pursuant to Rule 4(f)(3).

Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for service of process. Rule 4(h)(2) authorizes service on a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2). Rule 4(f), in turn, states:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

Pursuant to Rule 4(f)(3), the Court may order that service be made by any means not prohibited by an international agreement, as long as the chosen means satisfies the due process requirement of being "reasonably calculated" to apprise the parties of interest of the action. *Divx, LLC v. LG Elecs. Inc.*, C.A. No. 20-1202-CFC-JLH, 2021 WL 411708, at *2 (D. Del. Feb. 5, 2021) (citing *In re Heckmann Corp. Sec. Litig.*, No. 10-378-LPS-MPT, 2011 WL 5855333, at *3 (D. Del. Nov. 22, 2011) and *Asia Cube Energy Holdings, Ltd. v. Inno Energy Tech Co.*, 20-CV-6203 (AJN), 2020 WL 4884002, at *1 (S.D.N.Y. Aug. 17, 2020)).

It appears that the Hague Convention neither addresses nor prohibits service via e-mail and the Court is unaware of any international agreement that prohibits service of process on a Korean corporation via e-mail to its U.S. counsel. In addition, having examined the current record, I find that service via e-mail to Abion and Gencurix's U.S. Counsel, *i.e.*, Harness Dickey & Pierce – which has represented that it "still represent[s] Gencurix and Abion" – is "reasonably calculated" to inform Abion and Gencurix about this action. *See Divx,* 2021 WL 411708, at *2 (citing *Knit*

*With v. Knitting Fever, Inc.*, Civil Action Nos. 08-4221, 08-4775, 2010 WL 4977944, at *5 (E.D. Pa. Dec. 7, 2010) and *Asia Cube*, 2020 WL 4884002, at *3).

NOW, THEREFORE, IT IS HEREBY ORDERED that Ocimum's motion for alternate service (D.I. 57) is GRANTED.  Ocimum may serve the summons and complaint on Defendants Abion and Gencurix via e-mail(s) to Joel R. Samuels at Harness Dickey & Pierce.

                                                 */s/ Maryellen Noreika*
                                                 The Honorable Maryellen Noreika
                                                 United States District Judge